UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-293-RJC

| | |
|---|---|
| LEWIS NATHANIEL DAVIS, III, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| UNION COUNTY SHERIFF, | ) |
| FNU CATHY (Sheriff), | ) |
| FNU MACHELL (Nurse), | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

According to his pro se § 1983 complaint, Plaintiff was confined in the Union County Jail and apparently awaiting state charges of an unidentified nature at the time the following allegations took place. Plaintiff complains that while confined, he was denied proper medical treatment and he was denied access to legal materials. Plaintiff alleges that he filed grievances but never received a response from prison officials. Plaintiff also contends that Defendant Machell, whom he identifies as a nurse in the jail, informed Plaintiff that excessive radiation could harm his body if he "got 'too' many x-rays . . ." (Doc. No. 1 at 3). Plaintiff further alleges that on April 18, 2013, he was pushed to the ground by Sergeant Hanna because Plaintiff had two mattresses in his cell. Plaintiff apparently wanted to have an x-ray to survey any potential injury but Nurse Machell warned him against excessive radiation and stated that his most recent x-rays revealed that Plaintiff was fine. (Id. at 4).

In his claim for relief, Plaintiff would like to be treated by the "right doctors" or transferred

3

to a facility where he "could be taken care of please." Plaintiff also asks that he be allowed access to a law library. Notably, Plaintiff does not seek monetary damages in his complaint or elsewhere in the record before the Court.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

As noted, Plaintiff was an inmate in the Union County Jail at the time he filed his complaint.[1] The Clerk of Court in this district served Plaintiff with a written request that he

---

[1] Plaintiff has named the Union County Sheriff as a defendant, however, he has provided no allegations that the Sheriff Cathey knew about Plaintiff's issues, or that the sheriff should have known. The sheriff serves as a supervisory government official and such an individual cannot be held liable under a theory of respondeat superior because this liability generally does not attach in a Section 1983 proceeding. Thus, to the extent Plaintiff's notion of liability relies solely upon the doctrine of respondeat superior, it must fail. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). In order to find the sheriff liable, Plaintiff must allege facts which tend to show that it was the sheriff's actions, or omissions, that led to the constitutional violations. As noted, Plaintiff has alleged no such cognizable facts and the claims against sheriff will therefore be dismissed.

4

submit an affidavit or copies of the grievances to demonstrate that he had exhausted his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA") which requires a prisoner to exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In response to the Clerk's Order, Plaintiff filed copies of grievances which tend to show that he participated in the available administrative process in the Union County Jail with regard to his claim for lack of medical treatment but was unsuccessful in securing either additional medical attention. See (Doc. Nos. 4 and 5).

Plaintiff's complaint identifies two specific claims: (1) denial of adequate medical care; and (2) denial of access to a law library. In considering the second claim, the Court finds that Plaintiff has failed to demonstrate that he presented any written grievance to prison authorities regarding access to a law library. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff declares that he has fully exhausted his available administrative remedies within the Union Count Jail however Plaintiff never provided any documentation that he presented a written grievance regarding access to a law library despite being ordered to do so by the Clerk. Moreover, Plaintiff clearly appreciated his obligation to comply with § 1997e(a) because he submitted written grievances and the prison authorities' written responses regarding medical care. Accordingly, Plaintiff's claim for lack of access to a law library will be dismissed for failure to exhaust administrative remedies.

Plaintiff's claim for medical indifference will be addressed herein. At the time Plaintiff filed his complaint it appears that he was a pretrial detainee and his allegations would therefore be examined under the provisions of the due process clause of the Fourteenth Amendment, and there is but no question that "[p]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Rainer, 238 F.3d 567, 575 (4th Cir. 2001); Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979)).

6

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored detainee's serious need for medical care." Young, 238 F.3d at 575-76 (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997)). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 840 (1994) (holding that deliberate indifference standard not met with a showing of constructive knowledge).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.") (citing Estelle, supra at 105-06). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety . . ." Farmer, 511 U.S. at 837; Johnsonv. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse,

7

intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice.") (internal citation omitted).

Plaintiff's allegations regarding medical indifference, even liberally construed, must fail as they allege medical malpractice, claims of negligence or simply express disagreement with his course of treatment. The allegations in his complaint and the written responses to his grievances indicate that he has been frequently provided with medical treatment and that medical personnel believe that the treatment has been sufficient to address his medical needs. There is no indication that any of the defendants disregarded a known threat to Plaintiff's health. At best, Plaintiff may have stated a cause of action for medical negligence or difference of opinion and this claim will therefore be dismissed.

## IV.     CONCLUSION

For the reasons stated herein, this civil action will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge